UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2012 FEB -3 P 4: 17



DEPUTY

| | |
|---|---|
| ROSA ELVA VARGAS; ELPIDIA ADRIANA MARTINEZ; EMMA APARACIO; OTILIA VILLANUEVA GOMEZ; OLGA ESTRADA; MARIA CORTEZ; MARIA TREJO GONZALEZ; JULIO CESAR CENTENO; MARIA CERRITOS GONZALEZ; SERENA GONZALEZ; and ROCIO WILCHES, Individually and on Behalf of All Others Similarly Situated<br><br>*Plaintiffs*<br><br>v.<br><br>HEB GROCERY COMPANY, LP; and PASTRANAS PRODUCE, INC.;<br><br>*Defendants* | **SA12CA0116XR**<br><br>Case No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Come Now, Plaintiffs Rosa Elva Vargas, Elpidia Adriana Martinez, Emma Aparicio, Otilia Villanueva Gomez, Olga Estrada, Maria Cortez, Maria Trejo Gonzalez, Julio Cesar Centeno, Maria Cerritos Gonzalez, Serena Gonzalez, and Rocio Wilches, on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members" respectively herein), complaining of the conduct of Defendants HEB Grocery Company, LP ("HEB") and Pastranas Produce, Inc. ("Pastranas Produce"), and for cause of action respectfully show this Court as follows:

### I. NATURE OF THIS ACTION

*Plaintiffs' Original Complaint 1 of 9*

1. This is an action for unpaid wages brought pursuant to the federal Fair Labor Standards Act ("FLSA") by low-wage manual laborers who were employed by the Defendants to cut, prepare, and package fruit and produce in HEB stores in Texas. The Plaintiffs also bring this lawsuit as a collective action under the FLSA on behalf of a class of an estimated 70 or more other similarly situated manual laborers formerly and currently employed by the Defendants to cut, prepare, and package fruit and produce in HEB stores in Texas. The Plaintiffs and Class Members regularly worked more than 40 hours per week without being paid the overtime pay required by the FLSA. Additionally, the Plaintiffs were at times compensated at a rate so low as to violate the minimum wage requirements of the FLSA. The Plaintiffs bring this action to recover their unpaid minimum wages and overtime compensation, together with liquidated damages, attorney fees and costs, and other relief available under 29 U.S.C. §216.

## II. PARTIES

2. Each of the Plaintiffs is an individual who is and/or was employed by the Defendants as manual laborers to cut, prepare, and package fruit and produce in HEB stores in Texas. Plaintiff Rosa Elva Vargas is an individual who resides in Bastrop County, Texas, and who may be contacted through the undersigned attorneys of record.

3. Plaintiffs Elpidia Adriana Martinez, Emma Aparicio, Otilia Villanueva Gomez, Olga Estrada, Maria Cortez, Julio Cesar Centeno, Maria Cerritos Gonzalez, and Rocio Wilches are individuals who reside in Travis County, Texas, and who may be contacted through the undersigned attorneys of record.

4. Plaintiffs Maria Trejo Gonzalez and Serena Gonzalez are individuals who reside in Caldwell County, Texas, and who may be contacted through the undersigned attorneys of record.

5. Each Plaintiff consents to be a party in this action as manifested in the consent forms attached hereto as "Exhibit A."

6. The Class Members are those manual laborers similarly situated to the Plaintiffs as described herein.

7. Defendant HEB Grocery Company, LP is a Texas limited partnership that may be served with process by serving its registered agent, Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204.

8. Defendant Pastranas Produce, Inc. is a Texas corporation that may be served with process by serving its registered agent, Jose G. Padron, 5713 Broken Spoke Ln., Brownsville, TX 78526.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §1331 (Federal Question) and 29 U.S.C. § 216(b) (FLSA). This Court has personal jurisdiction over the Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b).

### IV. FACTUAL ALLEGATIONS

11. Defendant HEB owns and/or operates more than 300 grocery stores across the state of Texas, and engages Defendant Pastranas Produce to cut, prepare, and package fruit and produce in HEB's grocery stores.

12. For purposes of this action, the "relevant period" is defined as that period commencing three years prior to the date this lawsuit was filed, and continuing thereafter.

13. During the relevant period, Plaintiffs were employed by Defendants to cut, prepare, and package fruit and produce in HEB's grocery stores in Texas.

14. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. During the relevant period, the Plaintiffs have been employed by Defendants as non-exempt workers whose normal job duties were to cut, prepare, and package fruit and produce on-site in HEB's grocery stores.

18. During the relevant period, the Plaintiffs routinely performed work that was integral to the daily operations of HEB's grocery stores in Texas.

19. During the relevant period, the Plaintiffs worked in excess of 40 hours per week without receiving overtime pay at one and one half times the regular rate of pay for hours in excess of 40 per week as required by 29 U.S.C. §207.

20. Throughout the relevant period, each Plaintiff worked hours in one or more weeks for which s/he was paid less than the minimum wage required by 29 U.S.C. §206.

21. As a matter of economic reality, the Plaintiffs were jointly employed by HEB and Pastranas Produce. Facts demonstrating that the Defendants were employers include, among others:

(a) The work performed by the Plaintiffs for the Defendants was unskilled routine labor that did not require specialized training, equipment, expertise or business judgment.

(b) The work performed by the Plaintiffs for the Defendants was a necessary, routine, and integral part of the daily business of the HEB grocery stores where they worked.

(c) The work was performed by Plaintiffs daily on the premises of Defendant HEB's grocery stores on a relatively permanent basis for an ongoing and indefinite period of time.

(d) The Defendants had effective shared authority over the Plaintiffs, including hiring and firing decisions, supervision, control, pay records, work terms, and work schedules.

(e) The Plaintiffs were jointly dependent on each of the Defendants for the materials and equipment used for their work and for their terms and conditions of employment.

(f) Each of the Defendants acted directly or indirectly in the interest of the other Defendant employer in relation to the Plaintiffs, and the Defendants were not completely disassociated from one another with respect to the Plaintiffs' employment.

22. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all minimum wage and overtime compensation due to Plaintiffs.

## V. COLLECTIVE ACTION ALLEGATIONS

23. Defendants have employed other individuals to perform the same or similar job duties as Plaintiffs at HEB's grocery stores in Texas. Plaintiffs are aware that Defendants engaged in the same pattern and practice of failing to pay the required minimum wage and overtime compensation as required by the FLSA to these other employees. Accordingly, the employees that worked at HEB's grocery stores for Defendants to cut, prepare, and package fruit and produce were also subjected to Defendants' unlawful practices and are similarly situated to the Plaintiffs in terms of job duties and pay provisions.

24. Defendant's failure to pay the minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' shared experience is typical of the experience of the Class Members.

25. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for all hours worked in excess of 40 hours per week.

Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

26. As a collective action, Plaintiffs seek this Court's appointment and/or designation as representatives of a group of similarly situated individuals as defined herein.

## VI. FIRST CAUSE OF ACTION- FLSA (MINIMUM WAGE)

27. By failing to pay the Plaintiffs the required minimum wage in accordance with the Fair Labor Standard Act during their employment, Defendants willfully violated Plaintiffs' rights protected by the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. Sec. 216(b). Additionally, the above described actions by Defendants violated the Class Members' rights under the FLSA, for which they are entitled to relief pursuant to 29 USC § 216(b).

## VII. SECOND CAUSE OF ACTION- FLSA (OVERTIME)

28. By failing to pay the Plaintiffs one and half times their regular hourly rate for all hours worked over 40 hours in a work week, Defendants willfully violated Plaintiffs' rights protected by the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. Sec. 216(b). Additionally, the above described actions by Defendants violated the Class Members' rights under the FLSA, for which they are entitled to relief pursuant to 29 USC § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that they and all those who consent to be opt-in plaintiffs in this collective action recover from Defendants the following:

A. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

B. All unpaid minimum wages;

C. An equal amount as liquidated damages as mandated by the FLSA;

D. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

E. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

F. Such other relief as to which Plaintiff and the opt-in Plaintiffs may be entitled.

Respectfully submitted,

By: /s/ Yuri R. Jiménez

YURI R. JIMÉNEZ
Texas State Bar No. 24067010
EQUAL JUSTICE CENTER
6609 Blanco Rd., Suite 260
San Antonio, TX 78216
Tel: (210) 308-6222, ext-105
FAX: (210) 308-6223

ANNA BOCCHINI
Texas State Bar No. 24057410
CHRISTOPHER WILLETT
Texas State Bar No. 24061895
EQUAL JUSTICE CENTER AND
TRANSNATIONAL WORKER RIGHTS CLINIC
510 S. Congress Ave., Suite 206

*Plaintiffs' Original Complaint 8 of 9*

Austin, Texas 78704
Tel.: (512) 474-0007 ext-105
Fax: (512) 474-0008

Attorneys for Plaintiffs