# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **ROSA ELVA VARGAS, et. al.** | § | |
| | § | |
| **v.** | § | |
| | § | **SA-12-CV-116-XR** |
| **HEB GROCERY COMPANY, LP and** | § | |
| **PASTRANAS PRODUCE, INC.** | | |

**ORDER**

Plaintiffs are employed by Pastranas Produce. They allege in their complaint that they were also jointly employed by HEB. They allege they are "low-wage manual laborers who were employed by the Defendants to cut, prepare, and package fruit and produce in HEB stores in Texas." They allege they were not paid minimum wages or overtime pay as prescribed under the Fair Labor Standards Act.[1] They bring this suit individually and also seek to bring this suit as a collective action under the FLSA.

**Plaintiffs' Motion for Notice to Potential Class Members (document no. 21)**

In this motion "Plaintiffs request conditional certification of this case as a collective action under the FLSA. They request notice be issued to all current and former Produce Workers employed during the three years preceding the filing of Plaintiffs' Original Complaint."

Plaintiffs argue that a "similar collective action, involving the same defendants and the same category of workers, was approved in 2011." *See Canela et al v. HEB Grocery Company, LP*, et al., Case No. 1:10-cv-788-LY in the United States District Court for the Western District of Texas, Austin Division. Plaintiffs further argue that "the workers in this case did not

---

[1] In their motion for notice to potential class members (docket no. 21) Plaintiffs assert: "Although the Produce Workers regularly worked an average of 60 or more hours per week, they were never paid overtime pay, and their wages often fell below the federal and state minimum wage rate. The Defendants compensated them through a piece-rate system based on the amount of produce cut and packaged and/or the amount of pre-packaged fruit and produce sold to HEB customers."

participate in the earlier collective action based in large part on assurances of the longevity of their employment with the Defendants if they refrained from joining." Docket no. 21.[2]

In support of their motion, counsel for Plaintiffs has attached sworn declarations written in English from various individuals. The declarations state that they were translated to the affiant into the Spanish language.[3] Generally, the sworn declarations state that: (1) the individual "worked cutting, preparing, stocking, and packaging fruit and produce for HEB"; (2) the individual "worked exclusively inside of HEB stores in Texas"; (3) "the fruit and produce … was sold to HEB customers"; (4) pay "depended on the type of fruit and produce being cut and packaged and was based either on the number of packages of fruit and produce sold by HEB and/or the number of packages produced"; (5) the individual worked more than 40 hours per week; (6) the individual was never paid overtime; (6) the individual worked full-time on premises owned by HEB; (7) the individual worked under the supervision of HEB managers, who "provided constant supervision of my production and the cleanliness of my worksite"; (8) the individual "worked alongside produce workers who were paid directly by HEB"; and (9) the individual used fruit, produce, tools and materials supplied by HEB.

### HEB's motion to strike declarations (docket no. 24)

HEB, relying upon two Fifth Circuit cases[4], seeks to strike the declarations because Plaintiffs' attorneys translated the documents into Spanish for their clients and thus, it argues that the declarations are inadmissible. Alternatively, HEB seeks to strike portions of the declarations arguing that they contain conclusory statements and inadmissible hearsay. Plaintiffs respond that

---

[2] HEB ceased its relationship with Pastranas in January 2012.
[3] The declarations included a certification signed by counsel for Plaintiffs stating: "I certify that I am fluent in English and Spanish, that I translated this document to the Declarant in Spanish, and that the Declarant indicated that the Declarant clearly understood its contents and significance."
[4] *Cruz v. Aramark Services, Inc*., 213 Fed. Appx. 329, 334 (5th Cir. 2007) and *United States v. Martinez-Gaytan*, 213 F.3d 890, 892 (5th Cir. 2000).

they need not provide admissible evidence in support of their motion for conditional certification, but only need provide a "modest factual showing" to support certification.

The Court concludes that the admissibility requirements of *Cruz* and *Martinez-Gaytan* are not applicable in the conditional certification setting. Motions for conditional certification of collective actions are nondispositive pretrial matters. *See Lazo v. Queens Health Food Emporium, Inc.*, 2012 WL 2357564 (E.D. N.Y. 2012). In *Lazo*, the Court rejected the same argument advanced in this case, i.e. Plaintiffs did not provide affidavits in Spanish with a certified translation into English. *See also Espinoza v. 953 Associates LLC*, 280 F.R.D. 113 (S.D. N.Y. 2011) (declining to strike disputed affidavits).

To demonstrate that the proposed "class" members are "similarly situated," a plaintiff need make only a "modest factual showing" that she and the other putative collective action members "were victims of a common policy or plan that violated the law." *Realite v. Ark Rests. Corp.*, 7 F.Supp.2d 303, 306 (S.D. N.Y. 1998)). The "modest factual showing" requirement is met where plaintiffs offer "substantial allegations" of a factual nexus between them and the potential opt-in plaintiffs with regard to their employer's alleged FLSA violation. *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859(PKC), 2008 U.S. Dist. LEXIS 86577, at *27 (S.D.N.Y. Oct 22, 2008). Numerous courts have noted that it is a "low bar" for allegations required for collective action certification. Plaintiff's burden is minimal because the determination that the parties are similarly situated is merely a preliminary one, and that determination may be modified or reversed after discovery. *Diaz v. S & H Bondi's Dept. Store*, 2012 WL 137460 (S.D. N.Y. 2012).

Accordingly, because the Plaintiffs were not required to present affidavits that would otherwise meet the requirements of a dispositive motion to meet their "modest factual showing,"

the Court declines to strike the declarations merely because Plaintiffs did not provide affidavits in Spanish with a certified translation into English.[5] However, as discussed below, some portions of the declaration contain conclusory statements that impact the scope of the class to be certified. The motion to strike declarations (docket no. 24) is denied.

### HEB's Response to the Motion for Notice to Potential Class Members

HEB argues that conditional certification should be denied because there is insufficient evidence that it jointly employed the plaintiffs. HEB has submitted its agreement with Pastranas Produce.[6] It states that Pastranas was to supply cactus (nopales) and cactus flowers to HEB and that HEB would allow Pastranas to prepare and process those products in stores designated by HEB. Pastranas agreed it was entering into an independent contractor agreement and that all persons employed by Pastranas would remain Pastranas' employees for all purposes. Pastranas agreed to comply with all applicable laws, including wage and hour laws.[7]

HEB also presents declarations from a number of managers that state: (1) "HEB's policy was not to interfere or allow interference by HEB in the running of Pastranas and to not direct Pastranas employees at all"; (2) "Pastranas' employees reported to a Pastranas' supervisor"; (3) the affiant manager did not "direct or supervise Pastranas' employees while they worked on HEB premises"; (4) the affiant manager did not hire, discipline or terminate Pastranas' employees; and (5) the affiant manager was "unaware of any instances where HEB produce managers directed or supervised Pastranas' employees."

---

[5] The Court is disturbed by the innuendo injected by HEB that counsel for Plaintiffs may "have a strong motive to mislead or distort the translation…." HEB offers no evidence to substantiate its claims. That said, the Court is equally troubled by Plaintiffs' failure to cure any defect in their declarations once the defect was brought to their attention.

[6] Although the agreement between HEB and Pastranas contemplated that the Plaintiffs were to be employees of Pastranas, this fact alone is not dispositive. *See e.g., Itzep v. Target Corp.*, 543 F.Supp.2d 646 (W.D. Tex. 2008).

[7] Joint employers, however, are responsible, both individually and jointly, for compliance with all the applicable provisions of the FLSA. *See, e.g., Martin v. Bedell*, 955 F.2d 1029, 1034 n. 10 (5th Cir. 1992); *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (citations omitted).

**Analysis**

The FLSA applies to employees but not to independent contractors. *Hopkins v. Cornerstone Amer.*, 545 F.3d 338, 342 (5th Cir. 2008). The definition of an employee under the FLSA, however, is particularly broad. *Id.* at 343 (*citing Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (noting that the FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles")).

To determine whether a defendant is a joint employer, the court considers the "economic realities" of the relationship between the alleged employer and employee. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (citations omitted). Some of the relevant factors under the economic realities test are whether the alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.*

Given the "modest" showing that Plaintiffs are required to make at this stage, the Court concludes that Plaintiffs have sufficiently pled that HEB is their joint employer. Plaintiffs have alleged that they worked full-time and exclusively inside of HEB stores, under the supervision of HEB managers, who provided constant supervision[8] of their production and the cleanliness of [their] worksite, using fruit, produce, tools and materials supplied by HEB. In addition, although the various HEB managers/affiants state that they have not supervised or controlled any of the Plaintiffs' work, they cannot attest that their produce managers complied with the independent

---

[8] Plaintiffs state that their Pastranas' supervisor would meet with them only once every seven days, that HEB managers provided daily directives, including supervising production, cleanliness, stocking of produce, and directing that they remain at their work station to do more work even when they had already cleaned their area and were ready to leave the premises.

contractor agreement in every respect. The Court thus turns to the question of whether a collective action should be certified, and if so, what should be the scope of the class.

The Fifth Circuit has declined to adopt a specific test for determining whether to certify a collective action pursuant to 29 U.S.C. § 216(b). *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). The prevailing analysis used by federal courts, however, and the analysis adopted by the Court in this case, is the two-stage test set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney*, 54 F.3d at 1212; *see also Detho v. Bilal*, C.A. No. H-07-2160, 2008 WL 1730542 (S.D.Tex. Apr.10, 2008); *Bernal v. Vankar Enterprises, Inc.*, C.A. No. SA-07-CA-695-XR, 2008 WL 791963 (W.D.Tex. Mar. 24, 2008). Explaining the *Lusardi* test, the Fifth Circuit stated:

The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed

without prejudice. The class representatives- i.e. the original plaintiffs-proceed to trial on their individual claims. *Mooney*, 54 F.3d at 1213-14.

To determine whether conditional certification is appropriate, the Court must determine whether the potential class Plaintiffs are "similarly situated" to the named Plaintiffs. 29 U.S.C. § 216(b).

Plaintiffs seek certification of a class of all Pastranas employees who worked in any HEB store in Texas during the three-year period preceding the filing of the Complaint in this case. Plaintiffs argue that this class of workers all did the same job and that it is undisputed that all such workers were paid on a "piece rate system", rather than minimum wages and overtime. HEB responds that the plaintiffs in this case worked in the Austin area and urge that any class certification be limited to stores that Plaintiffs worked at.

The Court agrees with this aspect of HEB's response. Plaintiffs only offer conclusory statements that they are aware that other workers were denied minimum wages and/or overtime. This is insufficient to establish even the "modest" showing that other HEB managers were disregarding the independent contractor arrangement and supervising and controlling the other workers' job duties.

Plaintiffs state that there are 12 named Plaintiffs in this case and eight other individuals have already opted in. They also argue that there is a Department of Labor investigation and another FLSA action involving these defendants.[9] They argue these factors mitigate for a class of all workers in all 80 stores where Pastranas placed workers. Plaintiffs argue that HEB's "supervision and direction [of Pastranas workers] cannot be explained by the actions of one rogue HEB store manager or regional supervisor." Plaintiffs fail to appreciate, however, that they must establish the "modest" showing to establish the "lenient standard" for certification.

---

[9] *See Silva v. Pastranas Produce, Inc.*, et. al., 4-12-cv-470 (S.D. Tex.).

Although all parties agree that the workers were paid on a piece rate basis and HEB was aware of Pastranas arrangement, Plaintiffs fail to establish at this time any showing that HEB had a policy that Pastranas workers were jointly employed by them and that they directed and supervised all these workers at **all** 80 stores.   Plaintiffs have only offered a conclusory statement to support that claim.

Additionally, HEB argues that 162 individuals of Plaintiffs' putative class have already signed releases settling their FLSA claims in other cases.[10]  HEB argues that such workers should be excluded from any class.  Plaintiffs question whether the releases were valid waivers (ostensibly because they may not have received either DOL or court approval).  The potential class Plaintiffs are not "similarly situated" to the named Plaintiffs.  The named Plaintiffs have not signed releases.  Those who have signed releases have waived any FLSA claims.  *See Martin v. Spring Break '83 Productions, L.L.C*., 688 F.3d 247 (5th Cir. 2012) (adopting the holding and logic of *Martinez v. Bohls Bearing Equip. Co*., 361 F.Supp.2d 608 (W.D. Tex. 2005), that "a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability.").

Neither party addresses how this case should proceed if HEB is subsequently found not to be a joint employer.[11]  Accordingly, the Court questions whether one class should be certified as to all produce workers (excluding workers who have already settled their FLSA claims) employed by Pastranas Produce from February 3, 2009 through February 3, 2012 and assigned to any HEB store in Texas.  This class is similarly situated regarding whether Pastranas Produce (and only this Defendant) properly paid employees in conformance with the FLSA.  A second class would be certified as to all produce workers (excluding workers who have already settled

---

[10] *See Canela*, supra and *Fructouso v. HEB*, 1:10-cv-951 and 1:11-cv-557 (W.D. Tex).
[11] HEB informs the Court that the EEOC has already made an administrative determination that HEB is not a joint employer for Title VII purposes.

their FLSA claims) employed by Pastranas Produce from February 3, 2009 through February 3, 2012 and assigned to the following HEB stores: [identification of stores where the named Plaintiffs worked][12].

## Conclusion

Accordingly, considering all of the above, the Court orders the parties to provide additional briefing within 5 days of this Order as to whether two classes should be certified. In addition, the parties should provide the Court the additional information regarding store locations where the named Plaintiffs worked to complete its ruling. The parties are also ordered to brief the Court as to whether any other FLSA lawsuits involving Pastranas and these same allegations remain active and whether any dispositive rulings have been made in those cases.

HEB's motion to strike declarations (docket no. 24) is denied. Plaintiffs' Motion for Notice to Potential Class Members (document no. 21) is taken under advisement.

SIGNED this 17th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[12] No party has provided this information to the Court.