UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROSA ELVA VARGAS, ET. AL. § | |
|    *Plaintiffs*, § | |
| § | |
| v. § | |
| § | Civil Action No.  SA-12-CV-116-XR |
| HEB GROCERY COMPANY, L.P., ET AL., § | |
| § | |
|    *Defendants*. § | |
| § | |

**ORDER**

On this date, the Court considered Plaintiffs' motion for leave to file their first amended complaint (docket no. 52).

In this FLSA case the Court initially certified two classes.  The second class is implicated by the current motion.  In the October 12, 2012 order the Court certified a class of Pastranas produce workers assigned to 17 specific HEB stores.  The Court limited the class to 17 stores because the Court found that Plaintiffs had failed to make the modest showing that HEB managers were disregarding the independent contractor arrangement outside of the 17 HEB stores where the named Plaintiffs worked.

**Motion for leave to file an amended complaint**

Plaintiffs seek leave to file an amended complaint alleging that discovery undertaken to date has revealed that HEB and Pastranas Produce exercised joint control over Plaintiffs in approximately 80 HEB stores.  In addition, they rely upon a Department of Labor report which states there "is a [sic] strong evidence indicating a joint employment relationship between HEB [sic] Company, LP and

1

Pastranas Produce, Inc." Plaintiffs have filed this motion after the date for the amendment of pleading set forth in the current scheduling order.

Defendant HEB opposes the motion, arguing that the motion has been filed late, Plaintiffs have failed to show good cause for the late filing, and that allowing the filing of an amended complaint would be futile because the alleged new evidence does not support a joint employer theory pursuant to *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247 (5th Cir. 2012).

**Legal Standard**

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that leave should be given "freely ... when justice so requires." Fed. R. Civ. P.15(a). Plaintiffs' motion, however, was filed after the expiration of the Court-ordered deadline to amend pleadings, and granting Plaintiffs' motion would require a modification of the Court's scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003). Consequently, Plaintiffs' motion must be made pursuant to Rule 16(b). According to the Fifth Circuit Court of Appeals:

> Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." As to post-deadline amendment, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."

*Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)(citations omitted).  In addition, a district court may deny a motion for leave to amend where the amendment would be futile. *Adams Family Trust v. John Hancock Life Ins. Co.*, 424 Fed. Appx. 377, 381 (5th Cir. 2011); *Newby v. Enron Corp.*, 542 F.3d 463 (5th Cir. 2008).

**Analysis**

Both sides acknowledge that the motion has been filed late.  The deadline for the amendment of pleadings was July 30, 2012.  Plaintiffs argue that good cause is shown for the late filing because the Court did not certify the classes until October 2, 2012, and they could not have known of the scope of the class until the notice period closed on January 7, 2013.  In addition, they argue that they did not receive the DOL report until January 17, 2013.  Accordingly, they argue that the filing of their motion on February 15, 2013 was not so tardy and caused no prejudice.  No party informs the Court when Plaintiffs were provided HEB's "Roles and Responsibilities," which detail which entity (HEB or Pastranas) was to perform certain functions.

The Court finds that Plaintiffs have presented good cause for the late filing.  Any prejudice to Defendant can be cured by the continuance of the remaining deadlines.  Accordingly, the Court will review whether any amendment would be futile.

As stated above, Plaintiffs rely upon a DOL report and a HEB document to make their argument that they have now achieved the requisite modest showing that HEB was a joint employer.  This Court disregards the DOL report in conducting its analysis.  The report is hearsay and HEB's objection to the DOL report is sustained.

Nevertheless, the Court does agree with Plaintiffs that HEB's own policy, which apparently was applicable to all 80+ stores, does meet the lenient standard required for conditional certification.

In the original order, 2012 WL 4098996, the Court stated that Plaintiffs offered only conclusory statements that they were aware that other workers in other stores were denied minimum wages and/or overtime and were directed by HEB managers. The Court held that these "beliefs" were insufficient to establish, even under the "modest" showing requirement, that other HEB managers were disregarding the independent contractor arrangement and supervising and controlling the other workers' job duties. However, Plaintiffs now put forward a document produced by HEB which discusses the various duties each entity and their employees were to perform. The parties vigorously dispute what is meant by the document and its legal import, but for now the document meets the modest showing. The legal dispute that both parties wish the Court to engage in now is handled at the next stage - either a motion to decertify or a motion for summary judgment.

Defendant relies upon *Martin v. Spring Break '83 Productions* for the proposition that the amendment would be futile. In that case, the Fifth Circuit merely reiterated the "economic realities" test that is employed in determining whether an entity is a joint employer. *Martin*, however, has not displaced earlier Fifth Circuit caselaw, such as *Wirth v. Lone Star Steel Company*. In *Wirtz v. Lone Star Steel Co.*, the Fifth Circuit held that in considering whether a person or corporation is a joint employer under the FLSA, the total employment situation should be considered, with particular regard to the following inquiries: (1) whether the employment takes place on the premises of the company, (2) how much control the company exerts over the employees, (3) whether the company has the power to fire, hire, or modify the employment condition of the employees, (4) whether employees perform a 'specialty job' within the production line, and (5) whether the employees may refuse to work for

the company or work for others. 405 F.2d 668, 669–70 (5th Cir. 1968).[1]

Accordingly, as stated above, Plaintiffs have met their modest burden to obtain certification, their amendment would not be futile, and should there later arise no genuine issues of material fact, then whether a party is a joint employer is a question of law to be addressed by a motion for summary judgment. *See Itzep v. Target Corp.*, 543 F.Supp.2d 646, 652–53 (W.D. Tex. 2008).

## Conclusion

Plaintiffs' motion for leave to file their amended complaint (docket no. 52) is GRANTED. The parties are ordered to confer with each other and tender an agreed upon amended scheduling order within fourteen days, as well as any new class notice that may be required.

It is so ORDERED.

SIGNED this 25th day of March, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Further, the Code of Federal Regulations offers examples of joint employment. 29 C.F.R. § 791.2(b). The regulation states, "a joint employment relationship generally will be considered to exist in situations such as: (1) Where there is an arrangement between the employers to share the employee's services ... or (2) Where one employer is acting directly or indirectly in the interest of the other employer [ ] in relation to the employee or (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with another employer." 29 C.F.R. § 791.2(b).